United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-11274
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

STACEY WYNN,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(4:96-CR-68-19-A)
--------------------

Before SMITH, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Defendant-Appellant Stacey Wynn appeals the district court's dismissal of his untimely filed § 2255 motion after rejecting Wynn's request for equitable tolling.  We affirm the ruling of the district court.

     After Wynn was convicted for committing a number of federal crimes and was sentenced to prison, he sought to urge on direct appeal that he had received ineffective assistance of counsel.  We affirmed his conviction and sentence, and noted that his claim of ineffective assistance should be raised in a § 2255 motion.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Thereafter, Wynn retained appellate counsel to prosecute his habeas corpus claim. Wynn eventually filed such a claim, but did so after the prescribed time for doing so had expired. The district court refused to allow Wynn to continue on the theory that misleading communications from his habeas counsel had caused the late filing. On appeal, we remanded to the district court to hold an evidentiary hearing on Wynn's claims.

On remand, the district court found that Wynn had failed to establish that he had been misled by habeas counsel through misrepresentations to Wynn and to Wynn's father. The court ruled in the alternative that even if Wynn had relied on misrepresentations by counsel, his reliance was unreasonable.

We have carefully reviewed the record in this case and the appellate briefs of counsel, and have heard oral argument from able counsel as well. In the end, we are satisfied that Wynn has failed to demonstrate clear error in the district court's ruling that any reliance by Wynn on counsel's alleged misrepresentation is unreasonable. As the district court's findings are plausible and supported by the evidence, the court's conclusions based on such findings cannot be clear error. See Anderson v. City of Bessemer City, N.C., 470 U.S. 564 (1985). Consequently, the district court's ruling that equitable tolling is not available to justify Wynn's untimely filing of his § 2255 petition is, in all respects, AFFIRMED.